Dear Director Tuttle,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
May a separately employed contract attorney for a Vo-Tech SchoolDistrict be reimbursed for travel and other related expenses incurred forthe purpose of participating in continuing legal education programswithin and without the State of Oklahoma?
The matter of payment of travel expenses of an attorney employed by the Board of Education for an independent district is addressed in Title 70 O.S. 5-117 (1971): "The board of education of each school district shall have power to . . . contract with and fix duties and compensation of . . . attorneys . . . and pay their necessary travel expenses. . ." Of course, the board of education for a vocational technical school district has the same statutory powers and duties as a board of education of an independent school district. Title 70 O.S. 14 and 70 O.S. 110 (1971). A clear reading of the statute gives such boards the authority to enter into contracts and pay the travel expenses of certain persons when necessary for the promotion and maintenance of the school system.
Two prior Attorney General opinions deal with payment of travel expenses of board members. A.G. Opinion No. 72-142, held that a local board of education may not legally pay per diem in addition to travel expenses when members of the board are attending the National School Boards Association Convention or any other convention other than as provided by 70 O.S. 5-110 (1971).
Another Opinion No., 69-193, stated that the board of education is statutorily authorized to pay necessary travel expenses of members of the board of education. Further, it is a matter of discretion on the board's part to determine what travel is necessary.
70 O.S. 5-117 (1971), expressly authorizes the board to contract for the services of an attorney. The statute provides for compensation and reimbursement of board members and attorneys for travel expenses. The logical conclusion is both are members of the same classification. Both may be reimbursed for necessary travel expenses.
It is, therefore, the opinion of the Attorney General that an attorneyemployed by a Vo-Tech School district may be reimbursed for travelexpenses for the purpose of participating in continuing legal educationprograms within and without the State of Oklahoma where the board in itsdiscretion deems such travel necessary to the proper representation ofthe district.
 Your question relative to "other related expenses. . ." can not beanswered absent a more detailed expression of the specific facts.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL